David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage AK 99503
Phone: 907-677-1234
Fax: 888-965-9338
Email: dh@henderson-law.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

EMILE McCLUNEY,                )
                               )
    Plaintiff,                 )
                               )
        v.                     )
                               )
UNITED STATES OF AMERICA,      )   Case No. _____
                               )
    Defendant.                 )
_____)

**COMPLAINT FOR MEDICAL MALPRACTICE**
(*FEDERAL TORT CLAIMS ACT*)

COMES NOW plaintiff, Emile McCluney [hereinafter "Emile"] and for his complaint alleges as follows:

**Parties and Jurisdiction**

1) Emile is an adult American Indian and resident of Anchorage, Alaska, within the District of Alaska.

2) The Alaska Native Medical Center [hereinafter "ANMC"] was and is a

COMPLAINT FOR MEDICAL MALPRACTICE
*McCluney v. U.S.A.*          1

federally funded state-of-the-art hospital offering comprehensive medical care to American Indians.

3) ANMC is owned and operated by the Alaska Native Tribal Health Consortium, a non-profit tribal health organization and co-signatory to the Alaska Tribal Health Compact. As such, it receives funding from, and is an instrumentality of, defendant United States vis-a-vis the Indian Health Service.

4) Any medical malpractice committed by ANMC through its employees, agents, and instrumentalities is actionable under the Federal Tort Claims Act, 28 USC §§ 1346, 2401, and 2671 et seq.

5) Dr. Ryan T. Moore, M.D. [hereinafter "Dr. Moore"] was and is licensed in Alaska as a physician, specializing in the field of orthopedic surgery.

6) Upon information and belief, Dr. Moore was and is, at all times pertinent, board-certified in orthopedic surgery and was acting within the scope of that certification during the events giving rise to the instant claim.

7) Dr. Moore is affiliated with ANMC and was, at all times pertinent, acting as an agent of defendant United States of America, either as an employee, agent, co-participant or instrumentality.

8) At all times pertinent, Emile was Dr. Moore's patient.

**General Allegations and Claims**

9) More than six months ago, Emile submitted an administrative claim,

COMPLAINT FOR MEDICAL MALPRACTICE
*McCluney v. U.S.A.* 2

i.e., a "Claim for Damage, Injury, or Death" on Standard Form 95, to the appropriate federal agency within the meaning of 28 USC § 2675(a).

10) Said agency has denied the claim, either expressly or by failing to make a final disposition of it within six months, as contemplated by 28 USC § 2675(a).

11) On June 14, 2022, Emile presented to ANMC with a swollen, painful, immovable right index finger.

12) Emile was diagnosed with infectious flexor tenosynovitis of his right index finger.

13) Emile was admitted for surgery with Dr. Moore, who performed an incision and drainage ["I&D"] of the flexor tendon sheath of Emile's right long finger.

14) Dr. Moore did not perform an I&D of the flexor tendon sheath on Emile's index finger.

15) On June 15, 2022, Emile underwent an I&D of the flexor tendon sheath on his index finger.

16) The wrong-site surgery constituted a "sentinel event" for purposes of reporting requirements promulgated by The Joint Commission, a nationally recognized hospital accreditation authority.

17) Dr. Moore's failure to perform an I&D of the flexor tendon sheath on Emile's right index finger constituted an extreme and gross departure(s) from the standard of care, as well as recklessness within the contemplation of AS 09.55.549(f).

COMPLAINT FOR MEDICAL MALPRACTICE
*McCluney v. U.S.A.* 3

18) As a direct and proximate result of the negligence and recklessness alleged herein, Emile has suffered, or will suffer --

    (a) Non-economic losses including, but not limited to: pain-and-suffering; inconvenience; emotional distress, and loss of enjoyment of life, and;

    (b) Economic losses.

19) Defendant United States is liable to Emile for medical negligence and recklessness in the minimum sum of $100,000.00, the exact amount to be proved at trial.

WHEREFORE, Emile prays for judgment as follows:

1) For compensatory damages in his favor against defendant United States, as alleged;

2) For costs as may be appropriate;

3) For such other relief as the court may deem just and proper.

DATED February 7, 2023.    David Henderson
    The Law Offices of David Henderson
    Attorneys for Plaintiff Emile McCluney

    By: /s/ David Henderson
     David Henderson, ABA #9806014